UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOROTHY ROGERS,

             Case No.:

   Plaintiff,

v.

BURGERS ON POINT, LLC.

   Defendant.

_____

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through her undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of her complaint, Plaintiff states as follows:

<u>Parties</u>

1.  Plaintiff is a resident of Pasco County, Florida.

2.  Defendant is a casual dining hamburger restaurant.

3.  Plaintiff was employed by Defendant as a Cook from approximately September 22, 2023, until approximately May 31, 2024.

## Jurisdiction

4. Plaintiff resides in Pasco County, Florida.

5. Defendant conducts business in Hillsborough County, Florida.

6. Defendant employed Plaintiff in Hillsborough County, Florida.

7. All events giving rise to this action occurred in Hillsborough County, Florida.

## Facts

8. Defendant employed Plaintiff as a Cook.

9. Plaintiff was a non-exempt employee paid on an hourly basis.

10. Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

11. Defendant is a restaurant and provides related services in Hillsborough County, Florida.

12. During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

13. Defendant initially paid Plaintiff $16 per hour for all hours worked, even hours worked beyond 40 in a single workweek.

14. Plaintiff worked more than 40 hours per week during most weeks of Plaintiff's employment. Indeed, Plaintiff often worked overtime hours for Defendant.

2

15.     Plaintiff was entitled to be paid overtime wages at a rate of one-and-one-half times her regular rate for all hours worked by Plaintiff beyond 40 in a single workweek.

16.     At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

17.     During the majority of her employment, Plaintiff worked at least 50 hours per week.

18.     Plaintiff was not paid the correct overtime wage for all of the hours she worked while employed by Defendant.

19.     Plaintiff was not subject to any overtime exemptions.

20.     Defendant engaged in an illegal policy of requiring Plaintiff to work 50 or more hours in many workweeks of her employment and did not pay Plaintiff the correct overtime wage for all hours worked beyond 40 in a single workweek.

21.     Defendant failed to pay Plaintiff at one-and-one-half-times her regular rate for all hours worked beyond 40 in a single workweek.

22.     Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

23.    The overtime work performed by Plaintiff was worked in Defendant's facility in full view of Defendant's employees and managers.

24.    Defendant failed, refused, and neglected to maintain an accurate record of the hours worked by Plaintiff despite the mandate contained in 29 C.F.R. § 516.

25.    Plaintiff completed daily timesheets documenting the number of hours Plaintiff worked each day while employed by Defendant. Defendant is in exclusive possession of Plaintiff's timesheets.

26.    Defendant was required to compensate Plaintiff at a rate of at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

27.    As of this date, Plaintiff still has not been paid premium wages for all hours worked beyond 40 in a single workweek.

28.    Plaintiff seeks full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff her earned wages was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

29.    Defendant is a for-profit corporation that operates and conducts business in, among others, Hillsborough County Florida, and is therefore, within the jurisdiction of the Court.

30.    Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

31.    This action is brought under the FLSA to recover from Defendant, unpaid overtime wages, liquidated damages, reasonable attorney's fees, and costs.

32.    The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

33.    At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the restaurant industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce. Specifically, Defendant regularly receives shipments of food, goods, and materials from out-of-state suppliers to sell to its customers.

34.    At all material times relevant to this action, Plaintiff in her capacity as a cook and was individually covered by the FLSA. The very essence of Plaintiffs'

Docusign Envelope ID: 81298038-3FE3-4608-B56A-DAAA67211EC4

employment, preparing food that was delivered to Defendant from out-of-state, is so closely related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated.

35.    Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

36.    At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment.

37.    Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records, daily timesheets, and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of her employment.

38.    However, Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

39.    Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

6

## COUNT I – RECOVERY OF OVERTIME WAGES

40.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39, above.

41.    Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

42.    Plaintiff was an hourly, non-exempt employee.

43.    Plaintiff was entitled to receive at overtime wages for all hours worked beyond 40 in a single work week.

44.    Plaintiff regularly worked more than 40 hours in a single workweek and was not paid overtime wages. Instead, Defendant paid Plaintiff her regular rate for all hours, including overtime hours.

45.    Defendant engaged in an illegal policy of not paying Plaintiff overtime wages for all hours worked beyond 40 in a single work week.

46.    Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff overtime wages for all hours worked in a single workweek.

47.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid overtime wages, liquidated damages, attorney's fees, and costs.

**WHEREFORE**, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages

and liquidated damages, together with costs and attorney's fees pursuant to the

FLSA, and such other further relief as this Court deems just and proper.

DATED this 17 day of October, 2024.

DECLARATION PURSUANT TO 28 U.S.C. SECTION 1746

I HEREBY AFFIRM THAT THE FACTUAL STATEMENTS MADE ABOVE ARE TRUE AND CORRECT, UNDER PENALTY OF PERJURY.

DATED: 10/18/2024 _____

PRINT NAME: Dorothy Rogers _____

SIGNATURE: _____

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com

8