UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOROTHY ROGERS,

     Plaintiff,

v.                             Case No. 8:25-cv-651-LSG

BURGERS ON POINT, LLC,

     Defendant.

_____/

## ORDER

The plaintiff Dorothy Rogers sues the defendant Burgers on Point, LLC, under the Fair Labor Standards Act, 29 U.S.C. § 203, et seq., (the "FLSA") to recover unpaid compensation for overtime work. Doc. 1. The parties negotiated and executed a settlement agreement in response to Rogers's claims, which they submit for approval. Doc. 18.

When an employee sues her employer under Section 216(b) of the FLSA, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). To determine the fairness of a proposed settlement, the Court considers,

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2009). (quoting *Pessoa v. Countrywide Home Loans, Inc.*, No. 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at *3 (M.D. Fla. Apr. 2, 2007). A proposed settlement warrants approval only if it is "a fair and reasonable resolution of a bona fide dispute" of the plaintiff's FLSA claim. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Gomez v. Cabinet Coating Kings, LLC, et al.*, No: 6:23-cv-2447-GAP-LHP, 2024 WL 4906024, at *2 (M.D. Fla Nov. 12, 2024).

"When a settlement agreement includes an amount for attorney's fees and costs, the 'FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Gomez*, 2024 WL 4906024, at *2 (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam)). However, if the attorney's fees were "agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonnetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

All parties are represented by counsel, and the proposed settlement results from an arms' length negotiation over the plaintiff's compensation and hours worked. Doc. 18, p. 1. The probability of success on the merits is uncertain, and each party bears significant litigation risk. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d at 1241. The parties agree to a total payment of $5,500.00, which includes $500.00 in

2

unpaid wages, $500.00 for non-wage damages, and $4,500.00 in attorney's fees. Doc. 18-1, p. 2. This is a reasonable compromise based on the range of possible recovery if the plaintiff prevailed at trial. The complaint alleges that the plaintiff worked up to fifty hours per week and that the defendant failed to compensate her at the correct overtime wage. Doc. 1 at 3. The parties proffered at a June 30, 2025, hearing that the plaintiff's maximum potential recovery appeared minimal (that is, no more than $1,000) based on an examination of timesheets. Although the plaintiff alleges that she worked more hours than shown in those records, she concedes the challenge of proving those hours at trial. Considering the evidence, the parties agree that the proposed settlement amount is fair and reasonable. Based on the parties' proffer at the hearing and in their motion, a total settlement of $5,500.00 appears fair given the range of possible outcomes.

The proposed settlement also includes a broad general release discharging the defendants "any and all" Rogers may have against them. Doc. 18-1, p 3. The Court may approve a proposed settlement that includes a general release if "consideration beyond what is due for the FLSA claims" supports the release. *Parks v. Am. Catastrophe Sol., LLC*, No: 5:23-cv-361-JA-PRL, 2024 WL 4603928, at * 2 (M.D. Fla. Sept. 5, 2024). Here, additional consideration separate from Rogers's unpaid wages supports the general release.[1] Doc. 18-1, p. 2. Therefore, the general release presents

---

[1] The additional consideration consists of alleged compensatory, "non-wage" damages in the amount of $500.00. Doc. 18-1, p. 2.

no impediment to approval of the proposed settlement. *See Parks*, 2024 WL 4603928, at * 2.

After review of the proposed settlement, I find that the parties' negotiated terms are "a fair and reasonable resolution of a bona fide dispute" under the FLSA. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Gomez*, 2024 WL 4906024, at *2. Thus, the settlement warrants approval. *See Bonnetti*, 715 F. Supp. 2d at 1228. Accordingly, the parties' "joint motion for approval of settlement agreement and dismissal of action with prejudice," Doc. 18, is **GRANTED** and the settlement agreement is **APPROVED**. The plaintiff Dorothy Rogers's claims against the defendant Burgers on Point, LLC are **DISMISSED WITH PREJUDICE.** The Clerk shall terminate all pending motions and close the case.

**ORDERED** in Tampa, Florida on the 30th day of June, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge